LEWIS H. MYLIUS v. CYNTHIA COPES, *et al.*

1. POWER OF ATTORNEY, *Construed.* A power of attorney which authorizes an agent to lease or mortgage real estate for the purpose of procuring money thereon, in case he cannot sell the property, gives the agent the option to procure the money either by lease or mortgage, in the event he cannot make a sale at a reasonable price.

2. AGENT, *Authority of, Exceeded; Practice; No Error.* C. and others, the owners of certain real estate, authorized T., by their written power of attorney, duly filed for record, to mortgage their land for the purpose of procuring money thereon. T. borrowed twelve hundred dollars from M., and executed to him, in the name of the principals, a note for the

money, and also executed a mortgage on the land to secure the note. *Held,* That in an action to recover on the note, and to foreclose the mortgage brought by M., the trial court properly rendered judgment for the money obtained, and rightfully ordered the mortgaged premises to be sold to satisfy the judgment. Further, *held,* that no error was committed in refusing an order for the issuance of an execution to M. for any balance of the judgment remaining unpaid after the mortgaged property was exhausted, as T. exceeded the authority conferred on him as agent by his principals, in executing the note in their name.

### *Error from Bourbon District Court.*

ACTION brought by *Mylius* against *Cynthia Copes* and five others, upon a certain note and mortgage. Trial by the court at the September Term, 1879, and judgment for the full amount of the note, interest, and certain taxes; but the court ordered that only the mortgaged premises should be sold to satisfy the judgment, and denied execution to the plaintiff after the mortgaged property was exhausted. The plaintiff brings the case here. The facts, pleadings and proceedings are sufficiently stated in the opinion.

*Lowe & French,* for plaintiff in error.

*A. A. Harris,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action instituted in the district court of Bourbon county, by Lewis H. Mylius, against Cynthia Copes, R. F. Copes, John A. Copes, Edith O. Adair, *nee* Copes, Emma L. Copes and Thomas Copes, on a note alleged to have been executed and delivered by the defendants to plaintiff, on June 19, 1876, for $1,200, payable on or before June 19, 1881, and to foreclose a mortgage on a quarter-section of land, also alleged to have been executed by the defendants to secure the payment of the note. At the commencement of the action, an affidavit was filed by the plaintiff, alleging that all the defendants, except Thomas Copes, were non-residents of the state, and that the mortgaged real estate was insufficient to pay his claim. An order of attachment was issued and levied on other and additional lands, as

the property of all the defendants, save Thomas Copes. All the defendants except Thomas Copes, filed answers duly verified, denying the execution of the note and mortgage. The case was tried to the court, a jury being waived. Judgment was rendered for the full amount of the note, interest and taxes; but the court ordered that only the mortgaged premises should be sold to satisfy the judgment, and denied execution to plaintiff for any balance after the mortgaged property was exhausted. The attachment was also discharged.

Two petitions in error have been filed — one, in behalf of plaintiff, asking to have the judgment so modified that plaintiff shall have execution after exhausting the mortgaged property; that the attachment lien be preserved, and the attached property sold to satisfy any balance remaining unpaid after sale of the mortgaged property; the other, a cross-petition of Cynthia Copes, R. F. Copes, J. A. Copes and Edith O. Adair, alleges that the trial court erred in rendering judgment against any one of said persons. The note and mortgage are copied into the transcript, and show that the same are signed for said defendants by Thomas Copes, as the attorney in fact for all the defendants except himself. The authority under which Thomas Copes executed the note and mortgage sued on was a certain power of attorney executed to him by Cynthia Copes, Edith O. Copes, Emma L. Copes, Robert F. Copes and John A. Copes, October 16, 1875, and filed for record June 19, 1876. It gave Thomas Copes authority "to enter upon and take possession of several pieces of real estate (among others the piece described in the mortgage deed), and to sell and dispose of said lands upon such terms and for such prices as he may deem just and proper, and to make, execute and deliver to the purchaser or purchasers good and sufficient deed or deeds for the same, and to receive the payment or payments therefor; or, in case he cannot sell said property, to lease or mortgage the same for the purpose of procuring money thereon, and giving and granting unto our said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about

the premises as fully to all intents and purposes as we might or could do if personally present, with full power of substitution and revocation."

The contention is over the authority conferred by the words "to mortgage the same for the purpose of procuring money thereon." This language, in our opinion, authorized Thomas Copes to procure (*i. e.*, to obtain or borrow) money thereon — that is, on the land, or on the mortgage. It is immaterial in this case which of the two, but we think the principals meant on the land. They intended to give, and simply gave their attorney power to procure money on the security of the land, and had no intention of extending the authority for a loan on their personal responsibility, or even partly on such responsibility. When a loan is procured on a note and a mortgage of real estate, the mortgagee has personal security and land security. If not paid when due, he is not required to foreclose the mortgage, but may bring his action on the note alone wherever he may find the maker of the note. Again, if money is procured solely on a mortgage on land, or the land is taken as the only security, an execution cannot issue against the other property of the makers of the mortgage, even if the loan or debt be not made in full from the security. Hence, there is a wide difference between conferring authority upon an agent simply to mortgage land for the purpose of procuring money thereon, and giving authority to an agent to borrow money and then as the security therefor to execute the note of the principal and a mortgage on his realty.

The instrument conferring the power was in writing, and of record, and therefore was of notice to the plaintiff of the extent of the authority given.

Counsel for defendants makes the point that the power to mortgage being conditional, it was incumbent upon plaintiff to show the land could not be sold, and further, that it could not be leased, and therefore, under the proof offered, the mortgage was unauthorized. The record does show that efforts were made under the direction of the agent for over

a year after the execution of the power of attorney to sell the land, and no purchaser for the property could be found who would take it at a fair price. As the agent was given authority to lease or mortgage the land to procure money thereon if he could not sell, and as he could not sell at a reasonable price, he had the discretion to lease or mortgage. He chose the latter mode to raise the money. His action was in excess of the powers granted, but not void, and the orders and judgment of the trial court will be affirmed.

All the Justices concurring.